IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MATTHEW W. ARNO,**

        **Plaintiff**           Case No. 2:10-cv-00149

       v.           **JUDGE GREGORY L FROST**

**MICHAEL J. ASTRUE, COMMISSIONER**
**OF SOCIAL SECURITY,**          **Magistrate Judge Abel**

        **Defendant**

## ORDER

This matter is before the Court on plaintiff Matthew W. Arno's October 19, 2010 objections to Magistrate Judge Abel's October 8, 2010 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Matthew W. Arno is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

<u>Background</u>. Plaintiff Matthew Arno alleges he has been disabled since he became age 46 by degenerative disc disease throughout the spine, carpal tunnel in both wrists, osteoarthritis in the left hip, and depression. He last worked in April 2006, when he was fired from his job as a supervisor for an industrial cleaning company for using cocaine. The administrative law judge found that Arno could perform a reduced range of jobs having light exertional demands.

<u>Plaintiff's complaints of disabling pain</u>. The administrative law judge fairly summarized plaintiff Arno's testimony as follows:

> The claimant testified that he lives with his fiancé. He performs few chores at home. He spends much of his day lying in bed or on the couch. The pain is in his neck, back, left hip, and hands. It is constant, but is aggravated by exertion. He rated the pain as ranging from 4-9 on a scale of 0-10, with 10 being the highest level of pain (Exhibit 12E, page 2). He takes many medication (Exhibit 19E, page 2). They relieve some of his symptoms, but do not eliminate them. He testified that one of his medications causes short-term memory loss as a side effect. He has undergone surgery for his neck and right carpal tunnel syndrome. He has received epidural steroid injections for his cervical and thoracic spines. He tries to avoid exerting himself in order to alleviate his pain.

(R. 19.) The October 8, 2010 Report and Recommendation set out additional testimony by Arno:

> Regarding his neck, Arno testified that "[o]ther than limited mobility," it was "okay." (R. 39.)  He has constant, burning pain in his left hip. (R. 37.) He also has pain in the center of his lower back and in both hands. (R. 38.) The pain in his right hand is more severe than in the left. Arno testified that he had carpal tunnel release surgery on his right hand, but it did not alleviate much of the pain. Consequently, he opted not to have surgery on his dominant left ha hand.  (R. 31 and 38.)  Other than limited mobility, Arno has had no problems with his neck since his August 2004 surgery. (R. 39.) He has a cane and a walker but does not use either. (R. 52.) One of his medications, Gabapentin, a stool softener, causes him short term memory loss.  (R. 42.)
> 
>    Arno testified that he lived in a trailer with his fiancé and her two sons, who were ten and fifteen.  (R. 31 and 42.) His fiancé works as a truck driver. (R. 32.) Arno goes to the grocery store with his boys, who then bring the groceries in. (R. 42-43.) Even lifting a gallon of milk caused him so much back pain that he needed to lie on the couch for a couple of hours. (R. 42-43). Arno testified that he could stand for no more than fifteen minutes at a time, sit for twenty minutes at a time, and walk no more than a quarter of a mile. (R. 33 and 43-44.) He could walk up stairs without any problems, but going down was more difficult. (R. 45).

2

> Arno provided the following testimony about his daily activities. He normally woke up at 5 a.m. to ensure that the older boy had risen, then would go back to bed until about 7 a.m., when would then rise again to make sure the younger boy was up, had his breakfast, and had "the right clothes on." (R. 47.) He spent the remainder of the day lying on the couch. (R. 48.) He cooked meals, took care of his own grooming and washing, and did the boys' laundry. (R. 48.) The boys did the dishes, vacuumed, and did yard work. (R. 48-49.)
>
> Arno testified that he did not really have a problem with depression, but sometimes he got depressed because he did not have any income. (R. 45.) Most of the time, he had no difficulty with concentration. (R. 46.)

Doc. 18, pp. 3-4. Arno further testified that he took the cocaine that led to his losing his last job to alleviate his pain. (R. 36, Doc. 9-2, p. 37.)

<u>Administrative law judge's residual functional capacity findings</u>. The administrative law judge found:

> 5. [T]he claimant has the residual functional capacity to perform the requirements of work activity except as follows: He can lift/carry/push/pull up tp 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk for six hours in an eight-hour workday. He can occasionally stoop, kneel, crouch, and climb ramps or stairs. He is unable to crawl or to climb ladders, ropes, or scaffolds. He is unable to perform firm, forceful grasping with the right hand beyond the limits set forth above for lifting and carrying. He is unable to work at unprotected heights or to work around hazardous machinery. He is able to remember and carry out only short and simple instructions. Any job he could perform should not require more than ordinary and routine changes in the work setting or duties. He is able to make only simple work-related decisions.

(R. 18-19, Doc. 9-2, pp. 18-19.)

<u>Accuracy of the Hypothetical Posed to the Vocational Expert</u>. Plaintiff argues that the administrative law judge failed to accurately state each of his limitations that

3

affects his ability to work in the hypothetical given to the vocational expert. Plaintiff maintains that the administrative law judge failed to incorporate his use of a cane and the need for intermittent breaks as indicated in a May 2008 evaluation into the hypothetical. According to plaintiff, the Magistrate Judge erred by justifying this omission on the basis that the administrative law judge failed to credit this medical opinion.  Plaintiff contends that the administrative law judge did not reject these findings as the Magistrate Judge stated.  Plaintiff maintains that remand is required because either the administrative law judge overlooked these limitations or failed to give good reasons for rejecting such limitations.

In determining whether a claimant is disabled, an administrative law judge makes a residual functional capacity determination.  That finding is an "assessment of the claimant's remaining capacity for work" once his or her limitations have been taken into account.  20 C.F.R. § 416.945.  It is "a more complete assessment of her physical and mental state and should include an 'accurate[ ] portray[al] [of her] individual physical and mental impairment[s].'  *Varley*, 820 F.2d at 779; *Myers v. Weinberger*, 514 F.2d 293, 294 (6th Cir.1975) (per curiam)."  *Howard v. Commissioner of Social Security*, 276 F.3d 235, 239 (6th Cir. 2002).

As the Magistrate Judge stated, when a  vocational expert testifies, the administrative law judge asks the expert to assume certain facts about the claimant's work abilities.  The facts in this hypothetical are the administrative law judge's residual functional capacity findings.  The administrative law judge must accurately state each

4

limitation that affects the claimant's ability to work.  If there is not substantial evidence supporting the limitations the administrative law judge includes in the hypothetical to the  vocational expert, then the expert's testimony is not substantial evidence supporting the Commissioner's decision denying benefits.  *Howard,* 276 F.3d at 240-42.  If a limitation that substantially affects the claimant's ability to work is established by uncontroverted medical evidence, it is error for the administrative law judge to omit this limitation from the hypothetical given to the vocational expert.  276 F.3d at 242.

Plaintiff relies on the May 2008 functional capacity evaluation to argue that the hypothetical posed to the vocational expert was incomplete, but the administrative law judge formulated a residual functional capacity assessment that was *more* restrictive than that of the May 2008 report. The administrative law judge posed a hypothetical to the vocational expert that contained all the restrictions supported by substantial evidence in the record. As a result, plaintiff's objection is overruled.

<u>Credibility Determination</u>. Plaintiff also objects to the Magistrate Judge's finding that the administrative law judge's credibility determination is supported by substantial evidence. The administrative law judge failed to address plaintiff's allegations concerning all of his severe impairments including bilateral carpal tunnel syndrome, left hip osteoarthritis and depression. The administrative law judge only considered plaintiff's allegations of disabling spinal problems.

The administrative law judge considered all of plaintiff's allegations of pain. He noted that plaintiff testified that he had pain in his neck, back, left hip, and hands that

5

was constant, but aggravated by exertion. He indicated that plaintiff rated his pain as ranging from 4-9 on a ten-point scale. He also stated that plaintiff reported that his medications relieved some, but not all of symptoms. (R. 19, Doc. 9-2, p. 19.) After reviewing the medical evidence regarding Arno's impairments and making a residual functional capacity finding, the administrative law judge concluded that plaintiff's allegations were only credible to the extent that they were consistent with that residual functional capacity assessment. In formulating a residual functional capacity assessment, the administrative law judge accounted for plaintiff's carpal tunnel syndrome and depression in addition to his musculoskeletal problems. *Id.*

Combined Impact of Impairments. Plaintiff further argues that the administrative law judge's assessment of the combined impact of his impairments was deficient. Plaintiff contends that the use of boiler-plate language referring to an impairment or combination of impairments should not satisfy the reasonable articulated rationale that allows for appropriate subsequent review. The administrative law judge has a duty to consider the effect of all impairments throughout the disability determination process.

The residual functional capacity assessment took into account plaintiff's musculoskeletal impairments, his carpal tunnel syndrome, and his mental impairments. As the Magistrate Judge noted, when an administrative law judge refers to a claimant's combined impairments, he has met his obligation to consider the claimant's

impairments in combination.  *See, Loy v. Secretary of Health and Human Services,* 901 F.2d 1306, 1310 (6th Cir. 1990).

<u>Failure to Develop the Record</u>. Plaintiff also argues that the administrative law judge should have obtained medical expert testimony to evaluate plaintiff's need for a cane and intermittent breaks. According to plaintiff, the administrative law judge substituted his own lay opinion to interpret objective medical evidence rather than obtaining medical expert testimony.  An administrative law judge's determination of whether a medical expert is necessary is inherently a discretionary decision.  *Nebra A. Simpson v. Commissioner of Social Security,* 2009 WL 2628355 (6th Cir. August 27, 2009)(unreported) at *8. An administrative law judge abuses his discretion only when the testimony of a medical expert is "required for the discharge of the ALJ's duty to conduct a full inquiry into the claimant's allegations.  *See* 20 C.F.R. § 416.1444." *Haywood v. Sullivan,* 888 F.2d 1463, 1467-68 (5th Cir. 1989). Here, the administrative law judge did not abuse his discretion.  His decision included a thorough recitation of the evidence and provided a thorough, well-documented findings supporting the conclusion.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.  Plaintiff's motion for summary judgment is **DENIED.**  Defendant's motion for summary judgment is **GRANTED.**  The decision of the Commissioner is **AFFIRMED.**  The Clerk of Court is **DIRECTED** to

enter **JUDGMENT** for defendant.  This action is hereby **DISMISSED.**

    **IT IS SO ORDERED.**

                                       /s/ Gregory L. Frost
                                    **GREGORY L. FROST**
                                    **UNITED STATES DISTRICT JUDGE**